ESTHER KAHNOVSKY *vs.* WILLIAM KAHNOVSKY.

JUNE 17, 1941.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CAPOTOSTO, J. This is a petition for divorce on the grounds of extreme cruelty and of living separate and apart for ten years. In a cross-petition, the respondent seeks a divorce on the grounds of extreme cruelty, of wilful desertion, and of gross misbehavior. At the conclusion of the hearing in the superior court, the petition was granted on the ground of extreme cruelty, and the cross-petition was denied and dismissed. To this decision and to the exclusion of certain evidence, exceptions were duly taken by the respondent and the cause is here on his bill of exceptions.

The controlling question before us is: Was the decision of the trial justice clearly erroneous? *Grant* v. *Grant,* 44 R. I. 169; *Sayles* v. *Sayles,* 41 R. I. 170. The findings of fact by

a trial justice in a divorce case will not be disturbed by this court, unless they clearly fail to do justice between the parties. *Reilly* v. *Reilly,* 57 R. I. 432.

In the instant case the trial justice made the following findings of fact upon conflicting evidence. First, that it was established by strong and convincing evidence that the husband had been "clearly" guilty of extreme cruelty towards his wife. Second, that there was "no substantial testimony in this case" to support the charge in respondent's cross-petition that the petitioner was guilty of extreme cruelty towards the respondent. Third, that the petitioner was "fully justified in quitting the home", and that her absence therefrom did not constitute wilful desertion. Fourth, that there was no evidence "whatsoever" that the petitioner was guilty of gross misbehavior or misconduct with any person named or unnamed.

With these findings of fact and the law as above stated before us, we have carefully reviewed the evidence and are of the opinion that the trial justice was fully justified in his conclusions. In the circumstances, a brief reference to the evidence will serve our purpose in considering the respondent's contention of condonation.

The petitioner's testimony respecting the cruel treatment by her husband is amply corroborated by her brother, a married daughter, and two sons. The respondent's case rests on his testimony alone. It appears in evidence that trouble between these parties began in 1927 and continued, with apparently increasing intensity, until September 1932, when, according to the petitioner and some of her witnesses, the respondent struck her and ordered her to leave the house, which she did. There is considerable evidence that, between 1927 and 1932, the respondent pursued a course of violent conduct towards the petitioner and, using vile language, frequently struck and injured her.

The respondent's testimony is, in substance, a general and specific denial of any and all improper conduct towards his wife, especially with reference to the use of physical force

on her. He repeatedly protested against such a charge in language that does not carry conviction. According to his testimony he "never touched anybody"; he "never set a trap even to catch a mouse, the children does that."

When the petitioner left Providence in 1932, she first went to her brother's home in New London, Connecticut, and then went to New York, where she had other relatives. There, she earned her living as a practical nurse. In 1934 she returned to Providence and lived for six or seven weeks at the family home on Bates street, at the end of which time she went back to New York. This Bates street property, which apparently was the main source of trouble between these parties, stood in their joint names as owners.

The respondent, although denying all guilt, claims that the petitioner condoned all past offenses by the resumption of marital relations during this period of six or seven weeks, and that his treatment of her thereafter did not cause the forfeiture of the defense of condonation. The petitioner, on the other hand, testified that she did not resume marital relations during her stay at the Bates street house; that she came here to see her children and to have certain needed repairs made to that property; that after she had expended some $350 of her own money in making those repairs, the respondent again assaulted her and told her to leave the house; that this particular assault occurred about midnight; and that the following day she returned to New York and remained there, except for occasional visits to see the children, until she brought the present case for divorce in March 1940.

The respondent argues that since the petitioner condoned all past offenses by resuming marital relations in 1934, he did not forfeit the defense of condonation thereby acquired by him, because the testimony of the petitioner with reference to his assaulting her in 1934, being uncorroborated, was insufficient in law to deprive him of that defense. The contention thus advanced by the respondent is immaterial. From the language of the trial justice in his decision, it is

clear to us that, as to the resumption of marital relations, he believed the petitioner and not the respondent. We find no reason to disagree with him on this point, especially since he had the advantage of seeing the parties and of hearing them testify.

Under this view of the evidence, the respondent never acquired the defense of condonation, as the petitioner positively testified that she did not resume marital relations at any time during her stay of six or seven weeks at the Bates street house. The trial justice having found in no uncertain language that the petitioner was "fully justified in quitting the home" because of respondent's cruelty, and there being no satisfactory evidence of condonation, the divorce was properly granted on the ground of extreme cruelty.

We have examined the respondent's exception to the exclusion of certain evidence during the trial and find that it is without merit.

The respondent's exceptions are overruled, and the case is remitted to the superior court for further proceedings.

*William H. McSoley, William H. McSoley, Jr.,* for petitioner.

*Leo M. Goldberg, Philip B. Goldberg, Goldberg & Goldberg,* for respondent.